Judge Hise
delivered the opinion of the Court.
The complainant, Ammerman, instituted his suit in chancery in the Harrison Circuit Court, against Dickson and Jennings, and prays for appropriate and general relief, upon the following state of case, set forth with precision in his bill;
That he had purchased from Dickson forty-two acres of land for the sum of $1575 00, which was conveyed to him by deed, with covenant of general warranty by Dickson, to whom complainant had paid the whole of the purchase money ; that said Dickson had also sold ninety acres of land to-one Hugh Levi; that this forty-two acres and the ninety acres'of land, were parts and parcels of a tract of about two hundred and seventy-two acres, which had been sold and conveyed by the defendant, E. Jennings, to Dickson; that after he had paid to Dickson the whole of the consideration for the said forty-two acres of land, he had learned that Jennings had a lien reserved in his deed to Dickson, to secure the payment of the purchase money, and that, upon inquiry, he had ascertained that Dickson was indebted in about the sum of $5000 for the said two hundred and severity-two acres of land ; that after deduct- *136 ;ng t|;le quantity of land sold to complainant and to, Levi, there remains still belonging to Dickson about one hundred and forty acres, which complainant believes to be sufficient and ample security for the payment of the balance of the purchase money and interest still due from Dickson to his vendor, Jennings, provided it is all immediately made available; but that if, by delay, the purchase money due, with accruing interest, is swelled in amount, he apprehends danger that his forty-two acres of land will be made subject to the lien of Jennings ; that under such apprehension, he caused application to be made to Jennings, either to collect his debt from Dickson, or otherwise confine his lien to that portion of the land yet owned by Dickson.
Decision of the Circuit Court.
To this bill the defendant, Dickson, filed a demurrer, which, after argument of counsel, was sustained bv the Circuit Court, and the bill dismissed.
The complainant, in substance, alleges that not until after he had purchased and paid for the land, had he been informed that it was incumbered by a lien in favor of Dickson’s vendor, for the purchase money, and that $5000 of the amount was unpaid. Of course, if the allegation be true, this important fact was concealed from him by Dickson, whose duty it was honestly and fully to disclose to complainant the condition of his title. If he had known that this lien existed, he would not have paid the sum of $1575, the price of the land he purchased, unless upon condition of its being applied to the payment of that much of the debt due from Dickson to his vendor, and to that extent discharge his lien. It is the duty of Dickson to pay Jennings, and thus remove the incumbrance from the land which he sold to the complainant for a full price, which has been paid to him, and it is the duty of Jennings to proceed, at least upon request, as alleged in the bill, to enforce his lien upon the-residue of the land still retained by his vendee, or otherwise proceed to collect his debt, and he should not wait until Dickson shall sell and convey portions of the land to otheis, and then afterwards, unless *137 the purchasers from Dickson shall pay his debt by pro rata contributions for that purpose, proceed upon his lien to subject the land for which they had already paid Dickson a full price.
A vendor who; lias sold land, 6. lor which he holds a lien,may at the instance of a sub-vendee of pail of the land, be required to enforce his hen upon the un sold part yet held by the first ven-dee: (1 Story’s Eq., 593.)
Gurry for plaintiff; Wall for defendants,
The case of the complainant, as set forth in his bill is one which presents as strong claims for equitable relief as that of a surety who, as is well settled, may apply to a Court of Equity to compel the debtor to pay his debt, if due, or to make provision for the payment thereof, so as to quiet his apprehensions or exonerate him from responsibility. (See 1st Story's Equity, 593.)
It is true that complainant is not liable personally as a surety by contract. Yet his land, for which it seems he paid an adequate consideration, is liable and bound for the debt of another, - for the payment of which he did not intend to become liable, and for which he did not know when he purchased that his land was liable-. The case, as presented in the bill, is within the jurisdiction of a Court of Chancery, which is the only appropriate tribunal in which to seek and obtain relief in this and cases of like character.
Wherefore, the decree of the Circuit Court is reversed, and the cause remanded, with direction 'that the demurrer be overruled, and for further proceedings.